United States District Court
Southern District of Texas
**ENTERED**
May 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| REINA RAPALO SANCHEZ, | § |
| | § |
| Plaintiff, | § |
| v. | § CIVIL ACTION NO. H-23-1840 |
| | § |
| WAL-MART STORES TEXAS, LLC, | § |
| | § |
| Defendant. | § |

**MEMORANDUM AND ORDER**

Reina Rapalo Sanchez sued Wal-Mart Stores Texas, LLC, after she slipped and fell in a Wal-Mart store bathroom in January 2022. (Docket Entry No. 1-2). Sanchez had gone to the bathroom five minutes earlier and did not notice any water on the bathroom floor. Sanchez returned to her place in the checkout line for about five minutes, then decided to use the bathroom again. This time, she slipped and fell. She reported seeing "droplets" of water on the floor. (Docket Entry No. 32 at 8). Sanchez received medical treatment for the injuries she claimed from the fall.

Sanchez sued Wal-Mart in state court for premises liability and negligence, seeking actual and exemplary damages. Wal-Mart timely removed on the basis of diversity jurisdiction. (Docket Entry No. 1).

Sanchez and Wal-Mart agreed that Sanchez would dismiss the negligence and exemplary damages claims. (Docket Entry Nos. 14, 15). Wal-Mart moved for summary judgment on the remaining premises liability and actual damages claims. (Docket Entry No. 27). Sanchez responded, arguing that she needs further discovery to properly respond to the motion for summary judgment. (Docket Entry No. 28). Based on the motions, the record, and the applicable law, the

court denies the request to defer the decision to allow more discovery and grants Wal-Mart's motion for summary judgment. The reasons are set out below.

## I. The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial." *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted). "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)). "If 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

**II.  Analysis**

   **A.  Discovery Disputes**

Sanchez does not dispute Wal-Mart's description of the facts in the record but instead argues that the "record is materially deficient" because of inadequate opportunity for discovery and that summary judgment "is at best premature." (Docket Entry No. 28 at 3). Sanchez appears to argue that the court should defer or deny the motion for summary judgment and allow further discovery under Rule 56(d) of the Federal Rules of Civil Procedure before requiring a response to that motion. Rule 56(d) allows a court to grant such relief when the nonmovant shows that it "cannot present facts essential to justify its opposition." Wal-Mart responds that the time for raising discovery disputes has long since passed with the discovery deadline of February 22, 2024, and that the alleged discovery deficiencies are the fault of the plaintiff. (Docket Entry No. 32).

To rely on Rule 56(d) to defer summary judgment in favor of further discovery, a plaintiff "must (i) request extended discovery prior to the district court's ruling on summary judgment, (ii) put the district court on notice that further discovery pertaining to the summary judgment motion

3

is being sought, (iii) demonstrate to the district court specifically how the requested discovery pertains to the pending motion, and (iv) diligently pursue relevant discovery." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1155–56 (5th Cir. 1993). Rule 56(d) requires this information to be provided "by affidavit or declaration," Fed. R. Civ. P. 56(d), which Sanchez has not done. Even if she had, however, she fails to satisfy prong four, which is fatal to her request.

Sanchez first argues that Wal-Mart's interrogatory responses were inadequate. (Docket Entry No. 28 at 2). Sanchez points to two interrogatory responses in which Wal-Mart informed Sanchez it was "searching for information relevant to this Request and will supplement its response upon discovery of relevant information." (Docket Entry No. 28-2 at 10). Sanchez alleges that because Wal-Mart did not supplement its responses, it failed to meet its discovery obligations. Wal-Mart provided these responses on July 25, 2023. (*Id.* at 1). Discovery closed on February 22, 2024. (Docket Entry No. 21). Sanchez did not raise this discovery issue until April 18, 2024. Motions to compel, or other motions seeking to remedy discovery deficiencies, are generally subject to the discovery deadline, and Sanchez has provided no reason why she should be exempt. *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n.5 (5th Cir. 2015) ("Most courts rely on the discovery deadline . . . to determine whether a motion to compel is timely filed."). Sanchez had almost seven months before discovery closed to request further information, ask Wal-Mart if it had discovered additional relevant information, or to meet and confer with Wal-Mart about the lack of supplementation. Sanchez failed to take these steps. Sanchez cannot be said to have diligently pursued written discovery.

Similarly, Sanchez argues that Wal-Mart did not produce witnesses for deposition. First, she claims that "[n]o witnesses were identified . . . by Wal-Mart." (Docket Entry No. 28 at 3). However, Wal-Mart's initial disclosures identified a Wal-Mart employee, Pamela Escobar, who

was a witness to Sanchez's fall. (Docket Entry No. 32-1). Sanchez then complains that Wal-Mart did not "produce[] for deposition" a corporate representative or fact witness. (Docket Entry No. 28 at 3). But it was Sanchez who failed to notice the deposition of a Rule 30(b)(6) witness or of Ms. Escobar. (Docket Entry No. 32 at 4). Sanchez had months during which she could have pursued this discovery. She cannot now point to her own failure to pursue discovery to avoid or defer a ruling on summary judgment. Because Sanchez did not diligently pursue discovery during the discovery period, she cannot rely on Rule 56(d) to delay or prevent a response and ruling on a ripe summary judgment motion now.

### B. Premises Liability Claim

Under Texas law, "a property owner generally owes those invited onto the property a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Robbins v. Sam's East, Inc.*, No. 21-20050, 2021 WL 3713543, at *1 (5th Cir. Aug. 20, 2021) (per curiam) (quoting *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016)). "To prevail on a premises liability claim against a property owner, an injured invitee must establish four elements: (1) the owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the owner failed to exercise reasonable care to reduce or eliminate the risk; and (4) the owner's failure to use such care proximately caused the invitee's injuries." *Id.* (citing *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017)).

Wal-Mart seeks summary judgment on the basis that it had no actual or constructive notice of the water on the bathroom floor. An inference of constructive notice "requires proof that an owner had a reasonable opportunity to discover the defect." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006) (per curiam) (citing *Wal-Mart Stores, Inc. v. Reece*, 81 S.W. 3d 812,

814 (Tex. 2002)).  A court analyzes "the combination of proximity, conspicuity, and longevity" of the alleged defect: the proximity of the premises owner's employees to the hazard, the conspicuousness of the hazard, and how long the hazard was in place.  *Id.* at 567–68 (quoting *Reece*, 81 S.W.3d at 816).  For a premises owner to be charged with constructive notice, a dangerous condition must have "existed for some length of time."  *Reece*, 81 S.W.3d at 815 (citations omitted).  If the dangerous condition is conspicuous, "then an employee's proximity to the condition might shorten the time in which a jury could find that the premises owner should reasonably have discovered it."  *Id.* at 816.

On the other hand, "if an employee was in close proximity to a less conspicuous hazard for a continuous and significant period of time, that too could affect the jury's consideration of whether the premises owner should have become aware of the dangerous condition."  *Id.*  Some temporal evidence is required for a premises-liability plaintiff to defeat a motion for summary judgment.  *Id.*  ("Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition.").  "The so-called 'time-notice rule' is based on the premise that temporal evidence best indicates whether the owner had a reasonable opportunity to discover and remedy a dangerous condition."  *Id.* (citation omitted).  "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition."  *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998).

The record does not contain evidence that any Wal-Mart employee placed the liquid on the floor or was in a position to know that the liquid was on the floor before Sanchez slipped. Sanchez herself had been in the bathroom five minutes before her slip and did not observe any water on the

6

floor at that time. (Docket Entry No. 27 at 4–5). There is no evidence that in the five minutes that elapsed between Sanchez's first and second visits to the bathroom, a Wal-Mart employee saw the droplets of water on the floor before Sanchez slipped. Even if the record shows that the water could have been on the floor for as long as five minutes before Sanchez returned to the bathroom and slipped, there is no evidence that the water was in an area close enough to where Wal-Mart employees were working or walking for them to be held to constructive notice. In short, there is no evidence that that employees had a reasonable opportunity to discover and mop up the puddle or put up warnings in the five minutes that the water might have been on the floor. *See Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) ("Given the low visibility of the water and the evidence that the water was on the floor for five minutes, the Court concludes as a matter of law that Target did not have a reasonable opportunity to discover the water.").

Wal-Mart's motion for summary judgment, (Docket Entry No. 27), is granted. Final judgment is separately entered.

SIGNED on May 7, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge