IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| REINA RAPALO SANCHEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-1840 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Reina Rapalo Sanchez sued Wal-Mart after she slipped and fell in the bathroom at Wal-Mart Store 849 in Spring, Texas. (Docket Entry No. 35). In June 2023, one month after Sanchez sued Wal-Mart, the parties filed a stipulation under Rule 41 of the Federal Rules of Civil Procedure to dismiss the negligence and exemplary damages claims. (Docket Entry Nos. 14, 15). In March 2024, Wal-Mart moved for summary judgment on the remaining premises liability claim on the basis that the record does not present evidence that could show that Wal-Mart employees had actual or constructive knowledge that there was a puddle of water on the bathroom floor. (Docket Entry No. 27). In its motion for summary judgment, Wal-Mart attached the transcript of Sanchez's deposition. (Docket Entry No. 27-1). This court granted Wal-Mart summary judgment on the premises liability claim and, given the earlier stipulation to dismiss, entered a final judgment. (Docket Nos. 33, 34).

Sanchez moves for reconsideration on the basis that the parties could not stipulate to the dismissal of the negligence and exemplary damages claim under Rule 41(a). (Docket Nos. 14, 15, 35). Both parties and the court relied on that stipulation. Sanchez now claims that stipulations

dismissing individual claims are ineffective in the Fifth Circuit. (Docket Entry No. 35 at 7). Sanchez argues that because Rule 41(a) refers to the dismissal of an "action," not to the dismissal of separate "claims[,]" a Rule 41(a) stipulation can be used to dismiss individual defendants, but not individual claims against a defendant. *Exxon Corp. v. Md. Cas. Co.*, 599 F.2d 659, 661-62 (5th Cir. 1979)); *see also S.M. v. Sealy Indep. Sch. Dist.*, No. CV H-20-705, 2021 WL 1599388, at *9 (S.D. Tex. Apr. 23, 2021) (holding that Rule 41(a) cannot be used to dismiss individual claims).

When a plaintiff tries to use Rule 41(a) to dismiss individual claims, the resulting "invalid Rule 41(a) dismissal is a nullity" and the claims remain "'pending in the district court.'" *Williams v. Seidenbach*, 958 F.3d 341, 345 (5th Cir. 2020) (en banc) (quoting *Exxon*, 599 F.2d at 663). In *Nat'l Horsemen's Benevolent & Protective Assoc. v. Black*, the court held that the final judgment issued by the district court was "invalid" because "it also purported to dismiss without prejudice Texas's anti-commandeering claim under Rule 41(a)." 53 F.4th 869, 878 (5th Cir. 2022). The Fifth Circuit stated: "Our precedent does not allow that." *Id.*

If the court agrees with Sanchez's argument that her negligence and exemplary damages claims are still pending, then the judgment is not final. If there is no final judgment, the summary judgment order is interlocutory. *Id.* The proper standard for reconsideration would be de novo under Rule 54(b). *See* Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims . . . does not end the action . . . and may be revised at any time before the entry of a judgment"); *see also Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336-37 (5th Cir. 2017) (explaining the difference between reconsideration under Rule 54(b) and Rule 59(e)).

Wal-Mart asks the court to reject Sanchez's argument under equitable estoppel. (Docket Entry No. 37). The use of equitable estoppel is within a district court's discretion. *Sapic v. Gov't of Turkm.*, 345 F.3d 347, 360 (5th Cir. 2003). Equitable estoppel "applies where one of the parties

detrimentally has relied upon the position taken by the other party in an earlier proceeding." *Texaco Inc. v. Duhe*, 274 F.3d 911, 932 n.16 (5th Cir. 2001). Wal-Mart points to its detrimental reliance on the stipulation: it did not file a motion to dismiss or a summary judgment motion on the negligence and exemplary damages claims in exchange for Sanchez dismissing her negligence and exemplary damages claims. (Docket Entry No. 37 at 10-11).

In an attempt to limit the prejudice to Wal-Mart, Sanchez argues that "if Wal-Mart were to move for summary judgment on the negligence and exemplary damages claims *now*—as it appears to do in its response—Sanchez would not oppose summary judgment on these claims." (Docket Entry No. 38 at 4). All Sanchez wants, she says, is to have Rule 54(b) apply to the motion for reconsideration. (*Id.*).

Sanchez had nearly a year between filing her stipulation and the final judgment to address the Rule 54 issue. She did so weeks after the final judgment was issued. Sanchez states that she acted in good faith when she entered into the stipulation to dismiss the negligence and exemplary damages claim. Sanchez argues that it was only after this court granted Wal-Mart's motion for final judgment on the premises claim and issued its final judgment that she learned that a Rule 41(a) dismissal of individual claims was ineffective. (Docket Entry No. 35 at 12). But Sanchez has been represented by counsel throughout this litigation. And even under the Rule 54(b) standard, her motion for reconsideration on the issue of premises liability, as well as negligence and exemplary damages, could not succeed.

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir.

1990)); *see also McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. Sept. 13, 2011) ("Yet, because the district court is faced on with an interlocutory order, it is free to reconsider its ruling 'for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'").

As the basis for reconsideration, Sanchez points to her deposition transcript, which contains her statement that she saw "handtowels" on the bathroom floor before she fell. (Docket Entry No. 35 at 17). Sanchez asserts that this "could only have been implemented by a Wal-Mart employee, which is sufficient to infer that a Wal-Mart employee knew of the hazard *before* Sanchez's slip-and-fall." (*Id.* at 24). Even considering these facts de novo and ignoring Sanchez's failure to raise this argument in her response to the motion for summary judgment, she has not submitted or pointed to evidence that these hand towels could have been placed there only by a Wal-Mart employee. Nor has she submitted or pointed to evidence that the presence of hand towels on the bathroom floor indicates that a Wal-Mart employee had constructive notice of the spill and failed to clean it up or place warnings around it before Sanchez fell. Sanchez does not explain, and the record does not show, why the "handtowels" could not have been placed on the floor by a customer who either caused or noticed the spilled water in the five minutes between Sanchez's two trips to the bathroom. (*See* Docket Entry No. 33 at 1).

The line from Sanchez's deposition is not sufficient to support an inference that Wal-Mart had actual or constructive notice of the water on the floor. As this court previously explained:

> Even if the record shows that the water could have been on the floor for as long as five minutes before Sanchez returned to the bathroom and slipped, there is no evidence that the water was in an area close enough to where Wal-Mart employees were working or walking for them to be held to constructive notice. In short, there is no evidence that that employees had a reasonable opportunity to discover and mop up the puddle or put up warnings in the five minutes that the water might have been on the floor. *See Sturdivant v. Target Corp.*, 464 F. Supp. 2d 596, 603 (N.D. Tex. 2006) ("Given the low visibility of the water and the

4

evidence that the water was on the floor for five minutes, the Court concludes as a matter of law that Target did not have a reasonable opportunity to discover the water.").

(Docket Entry No. 33 at 7).

As to the negligence and exemplary damages claims, if the parties had jointly moved to dismiss them, or even if only Wal-Mart had moved to dismiss them, the applicable law would have required the court to grant the motion. The Texas Supreme Court has "repeatedly characterized . . . slip-and-fall claims as premises defect cases because the injuries were alleged to have resulted from physical conditions on property[,]" not from a contemporaneous activity. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017). "[N]egligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). Negligence and exemplary damages do not apply under the clearly established law.

Sanchez also alleges that reconsideration is necessary because the primary attorney handling her claims suddenly left the law firm shortly before the response to the summary judgment was due. (Docket Entry No. 35 at 9). According to another of Sanchez's attorneys, this departure "left this case in disarray and made it difficult for the remaining attorneys at the firm to present a comprehensive summary judgment response." (*Id.* at 24). However, the departing attorney was not Sanchez's only counsel. At least one of Sanchez's other attorneys is, and has been, listed as an attorney of record in this matter since the original petition was filed in state court. (Docket Entry No. 1-2 at 13). Sanchez could have requested an extension of time to respond, but she did not do so. (Docket Entry No. 37 at 6).

To ensure that the record is clear, Sanchez's motion for reconsideration, (Docket Entry No. 35), is granted only to the extent of permitting the parties to seek dismissal of the negligence and

5

exemplary damages claim on a different basis than Rule 41. The motion to dismiss these claims must be filed no later than August 30, 2024. To the extent Sanchez seeks reconsideration of the grant of summary judgment in favor on Wal-Mart on the premises liability claim, the motion for reconsideration is denied.

SIGNED on August 14, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge